**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2599-17T2

THE BANK OF NEW YORK
MELLON TRUST COMPANY,
N.A., f/k/a The Bank of New
York Trust Company, N.A. as
successor to JP Morgan Chase Bank,
N.A., as trustee for Residential Asset
Mortgage Products, Inc., Mortgage
Asset-Backed Pass-Through
Certificates Series 2006-RP3,

     Plaintiff-Respondent,

v.

TERESA T. SCILLA, a/k/a
THERESA T. SCILLA,

     Defendant-Appellant,

and

MR. SCILLA, her husband,
ANDREW GARGIULO,
and NEWMAN SCAROLA.

_____

Submitted January 24, 2019 – Decided April 5, 2019

Before Judges Vernoia and Moynihan.

On appeal from Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. F-037556-15.

David H. Kaplan, attorney for appellant (Jeffrey M. Zajac, on the brief).

Winston & Strawn LLP, attorneys for respondent (Jason R. Lipkin, on the brief).

PER CURIAM

In this foreclosure action, defendant Teresa T. Scilla appeals from the Chancery Division's: order granting summary judgment to The Bank of New York Mellon Trust Company, N.A. (plaintiff), formerly known as The Bank of New York Trust Company, N.A. (BONY), as successor to JPMorgan Chase Bank, N.A. (Morgan), as trustee for Residential Asset Mortgage Products, Inc. Mortgage Asset-Backed Pass-Through Certificates Series 2006-RP3; order denying defendant's objection to the application for final judgment of foreclosure; and final judgment.

Defendant argues the trial court erred by finding plaintiff proved that it possessed the note and, because plaintiff failed to comply with the pooling and servicing agreement governing defendant's loan, it failed to prove a prima facie case for foreclosure. We are unpersuaded by these arguments and affirm.

As set forth in the record and confirmed by defendant in her merits brief, in July 2005, she executed a note to FGC Commercial Mortgage Finance, DBA Fremont Mortgage (Fremont) for $351,200 which was secured by a mortgage on the subject property to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Fremont, its successors and assigns. Following the 2007 recording[1] of an initial assignment of mortgage from MERS to BONY, as successor to Morgan, two corrective assignments were filed, the last being an October 19, 2015 assignment to plaintiff. Following defendant's failure to make payments on the loan beginning in November 2006, plaintiff filed this foreclosure action on November 18, 2015.

In addition to the foregoing facts, the motion judge in granting summary judgment found defendant failed to respond to plaintiff's request for admissions. R. 4:22-1. Defendant thus admitted executing the note and mortgage, defaulting on both as of November 1, 2006, and "that . . . plaintiff is the holder of the mortgage." See R. 4:22-1. The judge also reviewed a certification submitted by an assistant vice president of Bank of America, plaintiff's servicer, and found the contents thereof established a prima facie case. Inasmuch as the judge found

---

[1] The record documents, attached in defendant's appendix, reflect the mortgage and all assignments were recorded in the Monmouth County Clerk's Office.

A-2599-17T2

plaintiff possessed the note and assignment of mortgage prior to filing the foreclosure complaint, the judge granted plaintiff's motion for summary judgment and struck defendant's answer.

Summary judgment should be granted if the court determines "there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). We review the motion judge's decision de novo and afford her ruling no special deference. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016). We "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party" in consideration of the applicable evidentiary standard, "are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

"The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994); accord Sun NLF Ltd. P'ship v. Sasso, 313 N.J. Super. 546, 550 (App. Div. 1998). The right to foreclose arises upon proof of execution, recording of a mortgage and

note, and default on payment. <u>Thorpe v. Floremoore Corp.</u>, 20 N.J. Super. 34, 37 (App. Div. 1952). In that defendant does not dispute that she executed the note and mortgage, or her November 2006 default, and the record supports plaintiff's standing to foreclose, summary judgment was correctly granted.

Notwithstanding defendant's argument that plaintiff failed to establish it possessed the note at the time the foreclosure complaint was filed, plaintiff demonstrated standing by submitting proof of the pre-complaint assignment of mortgage. See <u>Deutsche Bank Tr. Co. Ams. v. Angeles</u>, 428 N.J. Super. 315, 318 (App. Div. 2012) (holding "either possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing"). Plaintiff's servicing company's assistant vice president submitted with her certification true and accurate copies of all assignments, including the October 19, 2015 assignment to plaintiff. Defendant has not proffered any evidence or argument contesting that recorded document. Inasmuch as plaintiff established standing through the assignment of mortgage, we need not address defendant's contention that plaintiff did not establish possession of the note.

Defendant argues that there is no evidence her loan was held pursuant to the pooling and servicing agreement and that there was a violation of the trust. If there was a failure to comply with the pooling and servicing agreement,

A-2599-17T2

defendant, who was not a party to the agreement, lacks standing to challenge it. See Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 350 (Ch. Div. 2010) ("[L]itigants generally have no standing to assert the rights of third parties."); see also Correia v. Deutsche Bank Nat'l Tr. Co., 452 B.R. 319, 324-25 (B.A.P. 1st Cir. 2011) (finding debtors lacked standing to argue that assignment of their mortgage violated a pooling and servicing agreement because they were not parties to the agreement, nor third-party beneficiaries thereof); Giles v. Phelan, Hallinan & Schmieg, LLP, 901 F. Supp. 2d 509, 532 (D.N.J. 2012) (finding plaintiffs could not challenge the validity of assignments transferring their mortgage from one holder to another).

Although defendant mentions in her merits brief that loan documents were forged and that a misrepresentation of the loan terms amounted to a deceptive "bait and switch" tactic, she did not advance that contention at oral argument before the motion judge, so we will not consider it on appeal.[2] Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Furthermore, defendant's bald assertion of forgery and misrepresentation, without specific facts or argument, does not present competent evidence raising a genuine issue of material fact that

---

[2] We reviewed the transcript of oral argument; defendant's motion brief was not included in the record.

A-2599-17T2

would defeat summary judgment. See Ridge at Back Brook, LLC v. Klenert, 437 N.J. Super. 90, 97-98 (App. Div. 2014) (holding "[b]ald assertions are not capable of either supporting or defeating summary judgment").

We determine the balance of defendant's arguments, to the extent we have not addressed them, to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Plaintiff had standing to bring this foreclosure action; the complaint – filed over three years ago – set forth the basis for its standing. The complaint set forth all assignments; defendant has not presented proof of other assignments. There is no evidence another entity has attempted to enforce the note or mortgage since defendant's default. Defendant does not contend she suffered prejudice as a result of any alleged defect in the pleading. The notice of intention to foreclose identified plaintiff and its servicer. Defendant has not paid her mortgage since November 2006. Summary judgment and final judgment were properly entered in this matter.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2599-17T2